UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                       CASE NO. 3:23-cr-00156-TJC-SJH
                                                   6:13-cr-00174-TJC-LHP

v.

ALEXANDER JAMES KOBY,

    Defendant.
_____/

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Defendant, ALEXANDER JAMES KOBY, by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Koby's sentence, and states as follows:

**I.    CASE HISTORY**

The Pre-Sentence Investigation Report has been discussed with Mr. Koby and the factual objections to the report have been noted with the Probation Officer.

He stands ready to be sentenced by this Court and offers the following information to assist the Court in imposing a reasonable sentence.

## II. FACTUAL OBJECTIONS

With respect to the defendant's medical history, the Presentence Investigation Report does not fully capture the long-term consequences of the cancer-related treatment described in paragraph 59. As a direct result of that treatment, Mr. Koby developed chronic kidney disease, Stage III, a permanent and progressive condition that continues to require medical monitoring and care.

Additionally, as noted in paragraph 61 of the PSR, Mr. Koby experienced a vitreous hemorrhage that resulted in a prolonged period of visual impairment. That condition required surgical intervention in November 2015 and, during that time, significantly impaired his ability to read and to ambulate independently, further compounding the physical limitations he has lived with since childhood.

## III. THE APPLICABLE SENTENCING STANDARD

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not

greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); *see* also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*. In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id*. at 589. In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

IV. <u>**SENTENCING FACTORS UNDER 18 U.S.C. § 3553**</u>

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

### Nature and Circumstances of the Offense and the History and Characteristics of the Defendant (§ 3553(a)(1))

There is no dispute that the offense conduct is serious. However, Congress has already accounted for that seriousness by imposing a mandatory minimum term of fifteen years' imprisonment. Beyond the offense itself, § 3553(a) requires the Court to consider the defendant as a whole person. The PSR documents extraordinary lifelong medical and physical impairments, including legal blindness since early childhood, severe cranial abnormalities, extensive cancer treatment, disfigurement, and chronic medical complications that require ongoing care. These conditions are permanent, debilitating, and materially affect how the defendant experiences incarceration.

The record also reflects longstanding mental-health diagnoses, including depression and anxiety, which originated in the context of childhood cancer treatment and have persisted into adulthood. While these factors do not excuse the offense, they are highly relevant to culpability and to the Court's obligation to impose a sentence tailored to the individual rather than driven solely by offense characteristics that apply broadly across similar cases.

### The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment (§ 3553(a)(2)(A))

A fifteen-year term of imprisonment is an extraordinarily severe punishment by any measure. It reflects the seriousness of the offense, promotes respect for the law, and constitutes just punishment. Imposing additional incarceration beyond that mandatory minimum would not meaningfully enhance these objectives. Instead, it would risk imposing a sentence greater than necessary, particularly where the advisory guideline range is elevated by enhancements that apply in the vast majority of child-pornography cases and therefore do not meaningfully distinguish relative culpability.

### Deterrence (§ 3553(a)(2)(B))

Both general and specific deterrence are fully satisfied by the statutory minimum sentence. Fifteen years in federal custody, followed by a lengthy period of supervised release, sends an unmistakable deterrent message. There is no

empirical or practical basis to conclude that a longer sentence would produce any marginal deterrent benefit beyond the substantial deterrent effect already inherent in such a lengthy term of imprisonment.

Based on the factors under 18 U.S.C. § 3553(a), Mr. Koby respectfully requests that the Court impose a sentence of 180 months based on a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

## V. <u>ARGUMENT FOR GUIDELINE SENTENCE ON THE VIOLATION OF SUPERVISED RELEASE AND FOR CONCURRENT SERVICE</u>

The Court has broad discretion in sentencing upon revocation of supervised release and must impose a sentence that is "sufficient, but not greater than necessary," guided by the applicable § 3553(a) factors. See 18 U.S.C. § 3583(e). An individualized assessment supports imposition of the lowest available custodial sentence and for that sentence to run concurrent to the term imposed in the substantive case.

### The Defendant Has Already Faced Significant Custodial Consequences

The defendant has been in continuous custody since September 10, 2024, and his state sentence expired on June 25, 2025, while he remained detained on the federal writ. He now faces a fifteen-year mandatory minimum sentence in the substantive case. Against that backdrop, even a modest revocation

sentence—served concurrently—adequately addresses the violation and reinforces the seriousness of supervised release obligations.

## The Probation Recommendation Overstates the Need for a Consecutive Sentence

The Probation Office recommends the statutory maximum two-year sentence to be served consecutively, citing the defendant's failure to successfully reintegrate into the community and reliance on *Esteras v. United States*. However, *Esteras* does not mandate consecutive sentences; it merely confirms that courts may consider the § 3553(a) factors in revocation proceedings. "A district court considering whether to revoke a defendant's term of supervised release may not consider §3553(a)(2)(A), which covers retribution vis-à-vis the defendant's underlying criminal offense." *Id*. Nothing in the record requires stacking an additional consecutive term on top of an already substantial custodial sentence to achieve the goals of sentencing.

## Adequate Deterrence and Protection of the Public Are Already Achieved

Specific deterrence and public protection will be fully accomplished by the lengthy custodial sentence imposed in the substantive case, followed by strict supervised-release conditions. The marginal deterrent value of a consecutive revocation sentence is minimal where the defendant already faces a decade-plus

term of imprisonment. A concurrent sentence sufficiently reinforces accountability while avoiding unnecessary excess.

### The Lowest Sentence Is Sufficient but Not Greater Than Necessary

Given the overlap between the violation conduct and the substantive offense, the defendant's continuous custody, and the lengthy sentence already required by statute, the lowest available revocation sentence—served concurrently—adequately sanctions the breach of trust, protects the public, and promotes respect for the law without imposing redundant punishment.

### CONCLUSION

For all the above reasons, Mr. Koby respectfully requests that the Court sentence him to a total of 180 months, concurrent with 6:13-cr-00174-TJC-LHP , waive any fine, and impose a supervised release term corresponding to the minimum allowed by law.

Dated: January 6, 2026                               Respectfully submitted,

KOTLER LAW, PLLC

*/s/ Yuli Kotler*
Yuli Kotler, Esq.
FL Bar No. 109505
P.O. Box 22411
St. Petersburg, FL 33742
(732) 690-3025
YK@KotlerLegal.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the following on the 6th day of January, 2026:

AUSA DAVID RODNEY BROWN
Rodney.Brown@usdoj.gov

                                                Respectfully submitted,

                                                KOTLER LAW

                                                */s/ Yuli Kotler*
                                                Yuli Kotler, Esq.